Nash J.
 

 The claim of the plaintiff to the relief he seeks rests upon the allegation, that, at the time he made the contract, it was expressly agreed between him and Joseph W. Hawkins, that he was not to be pressed for that portion of the purchase money, for which he has given his bond, until a good and sufficient conveyance of the whole of the land was made to him ; and that, in violation of this agreement, the judgment was recovered, before any deed was executed and tendered by the defendants. This allegation is denied by both the answers, as fully and positively as, from the situation of the defendants, it was in their power to make it. The bill states that Benjamin F. Hawkins, one of the defendants, was not present, but was, at that time, residing in another State, and Joseph W. Hawkins, with whom the contract was made, is dead. So that neither of the defendants could possibly know any thing of the alleged agreement, except by relation. The bill, therefore, does not charge the facts to be within the knowledge of either of the defendants. If it had so done, the defendants would have had to answer positively and not as to their belief. But the rules of chancery practice do not require of a defendant that, which in the nature
 
 of
 
 things he
 
 cannot
 
 do. - When the charge is, as here, of facts, of which he has no personal knowledge, he is permitted to answer as to his information and belief, and such an answer is always deemed sufficiently responsive to the bill. This has been done by those defendants. Nor are the facts, alleged in
 
 the
 
 plaintiff’s bill, such as sustain his charge. The three bonds, given by him for the deferred payments, and the bond given by
 
 *114
 
 Joseph W. Hawkins to make title, all bear the same date, to-wit: the 27th of September 1839. The last bond is payable on the 13th of March 1842, and on the same day Joseph W. Hawkins binds himself to make title. Each of the contracts or covenants is independent — upon their face there is no condition whatever. It may well be asked, if such an agreement, as that charged in the bill, had been made by the parties, why it was not inserted in the written evidence.
 

 In addition, it is alleged in the bill, that the two thous- and dollars paid at the time of the contract, were for the interest of Benjamin F. Hawkins in the land, and the plaintiff admits, that he has received a good and sufficient title from Benjamin for his share of his land. The answers both deny, that the money paid was for Benjamin’s interest, but aver that it was received to their joint interest and divided equally between them, and that Benjamin’s interest was valued at three thousand dollars and Joseph’s at two thousand; and, in accordance therewith, two of the bonds were assigned to Benjamin and one retained by Joseph, which, with one thousand each had received in money, made up their respective shares of the purchase money. The plaintiff then has actually received a conveyance for Benjamin’s interest, without paying what was due to him, and the defendant John Hawkins has professed his readiness to make a conveyance for Joseph’s interest, whenever the plaintiffwas willing to receive it.
 

 The case is before us upon the interlocutory decree made below, dissolving the injunction. We see no error in that decree.
 

 This opinion must be certified to the Court of Equity for Buncombe Count}'. The plaintiff must pay the costs of this Court.
 

 Per Curiam.
 

 Ordered accordingly.